# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION


**In Re: S.S., Civil Action 2:18-cv-1229; State Court Action 2018C179 (The "1229 Case")**

**In Re: Z.S., Civil Action 2:18-cv-1230; State Court Action 2018C175 (The "1230 Case")**

**In Re: M.K., Civil Action 2:18-cv-1231; State Court Action 2018C178 (The "1231 Case")**

**In Re: E.S., Civil Action 2:18-cv-1233; State Court Action 2018C177 (The "1233 Case")**

**In Re: K.S., Civil Action 2:18-cv-1234; State Court Action 2018C180 (The "1234 Case")**

**In Re: C.S., Civil Action 2:18-cv-1235; State Court Action 2018C179 (The "1235 Case")**


> **Judge Michael H. Watson**
> **Magistrate Judge Chelsey M. Vascura**


## ORDER and REPORT AND RECOMMENDATION

Tina and Steve Kingsolver, Ohio residents proceeding without the assistance of counsel, have removed the above-captioned actions from the Perry County Court of Common Pleas, Juvenile Division, apparently on behalf of six minors over whom Ms. Kingsolver had custody prior to the state court's decision to place these minors in the temporary custody of Perry County Children Services. For each of the removed actions, Ms. Kingsolver has filed an application to proceed *in forma pauperis*. The Court **GRANTS** Ms. Kingsolver's requests to proceed *in forma pauperis*. (The 1229 Case, ECF No. 1; The 1230 Case, ECF No. 1; The 1231 Case, ECF No. 2; The 1233 Case, ECF No. 1; The 1234 Case, ECF No. 1; and The 1235 Case, ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **REMAND** each of the above-captioned actions to the Perry County Court of Common Pleas, Juvenile Division pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

**I.**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of removed Complaints filed by Perry County Children Services in the Perry County Court of Common Pleas, Juvenile Division, the undersigned determines it is unnecessary to consider the merits of the claims for temporary custody advanced in these Complaints because this Court lacks subject matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at \*2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at \*2 (6th Cir. June 22, 1999) (table)); *see also Answers in Genesis, Inc. v. Creation Ministries Int'l, ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue

*sua sponte*."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[A] court . . . will raise lack of subject-matter jurisdiction on its own motion.").

## II.

The undersigned **RECOMMENDS** that the Court **REMAND** each of the above-captioned actions to the Perry County Court of Common Pleas, Juvenile Division for lack of subject-matter jurisdiction over these actions.

"Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "[I]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377; *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction.").

Traditionally, federal courts do not have jurisdiction when the case involves "the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). This exception is not "compelled by the text of the Constitution or federal statute," but rather is a "judicially created doctrine[ ] stemming in large measure from misty understandings of English legal history." *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). The domestic-relations exception is also premised on the notion that state courts have expertise in the area of domestic-related decrees "because of the special proficiency developed by state tribunals

over the past century and a half in handling issues that arise in the granting of such decrees."

*Ankenbrandt*, 504 U.S. at 703–04.  If, however, the matter does not squarely pertain to "issuing a

divorce, alimony, or child-custody decree," federal courts retain jurisdiction "even if the matter

involves married or once-married parties."  *Marshall,* 547 U.S. at 308 (citing *Ankenbrandt,* 504

U.S. at 704).  All doubts as to the propriety of removal are resolved in favor of remand.  *Coyne v.*

*Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In each of the removed actions, Perry County Children Services initiated the actions in

July 2018 in the Perry County Court of Common Pleas, Juvenile Division to obtain temporary

custody over six minors over whom Ms. Kingsolver had custody.  Matters of child custody fall

squarely within the domestic-relations exception.  *See Ankenbrandt*, 504 U.S. at 704; *Hughes v.*

*Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001) ("Federal courts lack jurisdiction to issue child

custody decrees." (citation omitted)).  Remand is therefore required.

### III.

For the reasons set forth above, it **RECOMMENDED** that the Court **REMAND** each of

the above-captioned actions to the Perry County Court of Common Pleas, Juvenile Division

pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.  The Clerk is **DIRECTED** to

docket this Order and Report and Recommendation in each of the above-captioned cases.

 In addition, Ms. Kingsolver's requests to proceed *in forma pauperis* are **GRANTED**.

(The 1229 Case, ECF No. 1; The 1230 Case, ECF No. 1; The 1231 Case, ECF No. 2; The 1233

Case, ECF No. 1; The 1234 Case, ECF No. 1; and The 1235 Case, ECF No. 1.)

Finally, the Court notes that portions of Ms. Kingsolver's filings contain the full names of

individuals know to be minors in violation of Federal Rule of Civil Procedure 5.2(a)(3).  The

Court has directed the Clerk to file those portions of the record under seal.  Ms. Kingolver is

**ORDERED** to comply with Rule 5.2(a)(3) in any future filings, which requires that the filing include *only* the minor's initials.

<u>**PROCEDURE ON OBJECTIONS**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE